IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VICTOR SHANE VICKERS,                                                                                   PLAINTIFF

v.                          Civil No. 4:24-cv-04014-SOH-BAB

CHIEF OF POLICE ORLANDO DENNIS;
FORMER SHERIFF OBIE SIMMS;
SHERIFF JEFF BLACK;
JOHN DOE, Chief of Detention Lafayette County Detention Center;
THEARDIS EARLY; and
JAIL ADMINISTRATOR RAMI COX                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Victor Shane Vickers, currently an inmate of the Arkansas Division of Corrections – Tucker Unit, filed this action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on February 9, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). The Court also entered an Order on February 12, 2024 adding Theardis Early and Rami Cox as Defendants in this matter. (ECF No. 6).

In his Complaint, Plaintiff alleges three claims against six Defendants: (1) Orlando Dennis, Chief of Police for Stamps, Arkansas; (2) Obie Simms, former Sheriff of Lafayette County, Arkansas; (3) Jeff Black, current Sheriff of Lafayette County, Arkansas; (4) John Doe, Chef of Detention, Lafayette County Detention Center; (5) Theardis Early, retired jail administrator for Lafayette County Detention Center; and (6) Rami Cox, current jail administrator for Lafayette County Detention Center.[1] Plaintiff asserts all three of his claims against all Defendants in their individual and official capacities.

First, under Claim Number 1, Plaintiff alleges Defendant Dennis falsely arrested him on July 15, 2022. Specifically, Plaintiff claims Defendant Dennis arrested him without a warrant or "sufficient legal authority." (ECF No. 1, p. 5).

In Claim Two, Plaintiff alleges, after his arrest, he sat in the Lafayette County Detention Center for an undisclosed amount of time. Plaintiff goes on to assert it was Defendants Sims, Black, John Doe, Early, and Cox's duty to ensure Plaintiff received a "72 hour arraignment, a bond

---

1 The Court notes it did not consider Plaintiff's exhibits attached to his Complaint. Exhibits may only be submitted to the Court when attached to: (1) a motion for summary judgment or response to such motion; (2) a motion for a restraining order or response to such motion; (3) a motion to compel or a response to a motion to compel; (4) a motion for sanctions; (5) at a hearing or trial; or (6) as directed by the Court. United States District Court for the Western District of Arkansas Section 1983 Prisoner Litigation Guide, 2023 Pro Se Litigation Guide Draft.pdf (uscourts.gov), (last visited March 19, 2024).

hearing and the arresting papers are correct." (ECF No. 1, p. 5). Plaintiff, however, does not allege he was refused an arraignment or other hearing, just that it was delayed. *Id.* In Claim Two, Plaintiff claims these Defendants illegally detained and maliciously prosecuted him. *Id.*

Plaintiff classifies both Claims One and Two as violations of his Due Process and Equal Protection rights under the Fourteenth Amendment. (ECF No. 1, p. 10).

In Claim Three, Plaintiff again complains of the false arrest by Defendant Dennis on July 15, 2022, but he alleges in this claim that Defendant Dennis's actions intentionally inflicted emotional distress on Plaintiff. (ECF No. 1, p. 6). Plaintiff classifies his Claim Three as a violation of his Eighth Amendment rights because it was cruel and unusual punishment to deprive him of his grandmother's funeral the day after his arrest. *Id*. at 10.

For relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 1, pp. 8-9).

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

The facts set forth in Plaintiff's Complaint related to his arrest and imprisonment do not support a plausible cause of action for relief under 42 U.S.C. § 1983. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action.). Furthermore, the Court will not exercise jurisdiction over Plaintiff's state law claim of intentional infliction of emotional distress.

#### A. *Habeas* and *Heck*

All of Plaintiff claims center around his allegation that he was falsely accused, arrested, and improperly detained without due process. (ECF No. 1, pp. 5-6). These are all challenges to the validity of Plaintiff's detention. Plaintiff may not use Section 1983 as a substitute for *habeas corpus* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

4

Additionally, Plaintiff seeks compensatory and punitive damages for an unconstitutional arrest, conviction, or detention in all three of his claims. (ECF No. 1, pp. 8-9). Such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff made no allegations in his Complaint to meet the *Heck* requirements. Accordingly, all of Plaintiff's allegations regarding false arrest, cruel and unusual punishment related to his arrest, due process related to his confinement, and malicious prosecution are all barred by *Heck*.[2] *See e.g., Lewis v. Sutton*, Civil No. 6:20-cv-6062, 2020 WL 6298076 (W.D. Ark. Oct. 27, 2020) (holding Fourteenth Amendment due process claims are barred without allegations to satisfy *Heck* requirements).

### B.  *Respondeat Superior*

Furthermore, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Servs.*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability.") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising the operations of a prison

---

2 The Court notes Plaintiff list "cruel and unusual punishment" under the Eighth Amendment as one basis for his Claim Three against Defendant Dennis. However, the crux of Claim Three, just as in Claim One, is Plaintiff allegation that he was falsely arrested. Accordingly, the Court need not do a separate cruel and unusual punishment analysis when Plaintiff has failed to satisfy *Heck*.

is insufficient to establish the personal involvement required to support liability).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Here, in Claim Two, Plaintiff made no allegation that Defendants Sims, Black, John Doe, Early, or Cox deprived him of a hearing or other due process. Instead, he claims they had a duty to make sure he got his hearing because they are the Sheriff, Chief of Detention, and Jail Administrator. (ECF No. 1, p. 5). Plaintiff fails to allege any facts to determine a causal link between his claimed deprivation and the Defendants. Moreover, Plaintiff does not allege how retired or former employees of Lafayette County would have any role in depriving him of due process. Accordingly, Plaintiff's allegations are insufficient to state any Section 1983 claim against Defendants Sims, Black, John Doe Chief of Detention Center, Early, or Cox because they are based on a theory of *respondeat superior*. Moreover, as explained above, Plaintiff's Claim Two is also barred by *Heck*.

### C. Equal Protection

Additionally, Plaintiff makes a claim of equal protection related to Claims One and Two. To state a cognizable claim under the Equal Protection Clause, Plaintiff must allege: (1) intentional or purposeful discrimination; and (2) a violation of a fundamental right, membership in a protected class, or different treatment of similarly situated inmates. *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). Plaintiff does not assert any facts to show he was discriminated against, that he belongs to a protected class, or that other similarly situated persons were treated differently than

Plaintiff. Accordingly, Plaintiff failed to state a cognizable claim under the Equal Protection Clause.

### D. Intentional Infliction of Emotional Distress

Plaintiff's Claim Three alleges a state law claim—intentional infliction of emotional distress—against Defendant Dennis. (ECF No. 1, p. 6). As the Court recommends dismissal of all of Plaintiff's claims over which the Court exercises original federal jurisdiction, the Court may, in its discretion, decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court recommends Plaintiff's claim of intentional infliction of emotional distress be dismissed, without prejudice, so Plaintiff may bring it in the appropriate state court if he wishes.

### E. Official Capacity

Finally, Plaintiff has failed to allege official capacity claims against any Defendant in his Complaint. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Thus, Plaintiff's official capacity claim here is functionally equivalent to a claim against Lafayette

7

County—Defendants' employer. However, Plaintiff has not alleged any policy or custom of Lafayette County violated his constitutional rights.

Furthermore, Plaintiff has failed to state any cognizable constitutional violations caused by Defendants. Therefore, he cannot maintain his official capacity claim against the same Defendants. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Claims 1, 2, and 3 for false arrest, cruel and unusual punishment related to his arrest, due process related to his confinement, malicious prosecution, and violation of equal protection against all three Defendants in their individual capacities should be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(2) Plaintiff's official capacity claims against all three Defendants should be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1); and

(3) The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress, alleged in Claim 3, and dismiss it without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of April 2024.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

9